IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVADOR R BRAVO,

    Petitioner,

v.                                                    No. 22-cv-193-DHU-JFR

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, OTERO
COUNTY PRISON FACILITY,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Salvador R Bravo's Amended Habeas Petition Under 28 U.S.C. § 2254 (Doc. 14) (the "Amended Petition"). Petitioner challenges his 2016 state convictions based on double jeopardy, prosecutorial misconduct, ineffective assistance of counsel and sufficiency of the evidence. (Doc. 14 at 2). Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this matter should not be dismissed as untimely.

**I. Procedural Background**[1]

In 2016, a jury found Petitioner guilty of two counts of criminal sexual penetration of a minor ("CSPM") and one count of contributing to the delinquency of a minor ("CDM"). Case No. D-619-CR-2015-00068, Judgment and Sentence (10/4/2016). The state court sentenced him to

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case No. D-619-CR-2015-00068; A-1-CA-36025; and S-1-SC-38838. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

sixteen and a half years imprisonment, followed by an indeterminate term of parole. *Id.* Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) reversed and remanded the judgment, with instructions to the trial court to vacate one count of CSPM and the CDM count. Case No. D-619-CR-2015-00068, Memorandum Opinion (11/26/2019); *see* Case No. A-1-CA-36025 Memorandum Opinion (5/29/2019). The trial court entered an amended judgment on December 28, 2019, sentencing Petitioner to fifteen years imprisonment followed by an indeterminate period of parole. Case No. D-619-CR-2015-00068, Amended Judgment, etc. (12/28/2019). Within thirty days, Petitioner filed a motion seeking a reduced sentence. Case No. D-619-CR-2015-00068, Motion (1/13/2020); *see* NMSA 1978, § 39-1-1 ("Final judgments. . . entered by district courts . . . shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable to court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment[.]"). The trial court denied the motion on February 5, 2020. Case No. D-619-CR-2015-00068, Order Denying (2/5/2020). The state dockets reflect Petitioner did not timely appeal the February 5, 2020 order, and the amended judgment therefore became final, at the latest, on March 7, 2020. *See* NMSA 1978, § 39-3-3(A)(1) (providing a defendant in a criminal proceeding in district court may take an appeal to the NMCA or New Mexico Supreme Court within thirty days from the entry of any final judgment); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a state court judgment becomes final when the time for seeking direct review expires).

Petitioner filed a state habeas petition the following year, on January 25, 2021. *See* Case No. D-619-CR-2015-00068, Petition (1/25/2021). The trial court denied the petition on May 26, 2021. *See id.*, Order of Dismissal (5/26/2021). Petitioner commenced an action seeking a writ of

2

certiorari from the New Mexico Supreme Court (NMSC) on June 4, 2021. *See* Case No. S-1-SC-38838. The NMSC denied Petitioner's petition for a writ of certiorari on October 20, 2021. *See id.*, Order Denying Petition (10/20/2021).

Petitioner filed his original § 2254 in this Court on March 16, 2022. (Doc. 1). As the original petition was over 350 pages long, the Court required Petitioner to amend to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 12). Petitioner timely filed the Amended Petition on February 6, 2023. (Doc. 14). It is subject to initial review under Habeas Corpus Rule 4.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

3

[or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than March 7, 2020, after the direct appeal period expired. *See Gonzalez*, 565 U.S. at 150. Three hundred and twenty-two (324) days passed before Petitioner filed his first state habeas petition on January 25, 2021, which stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending until October 20, 2021, at the latest, when the NMSC denied his petition for a writ of certiorari in connection with the habeas petition. "The next day [October 21, 2021] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [41 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state docket reflects there was no additional tolling activity during the next 41 days, and the one-year limitation period expired no later than December 2, 2021, the next business day after the final non-tolled day of the 365-day limitations period. The original petition was filed 105 days later.

The Petition briefly addresses timeliness. (Doc. 14 at 18-19). Petitioner summarily lists several reasons intended to form the basis of equitable or statutory tolling, including "*Brady* material never disclosed, some disclosed late; no access to the courts due to Covid-19 pandemic; extraordinary circumstances beyond Petitioner's control"; and actual innocence. (Doc. 14 at 18). These conclusory and undeveloped assertions are insufficient to support a tolling analysis.

To the extent Petitioner seeks equitable tolling, he will be required to show "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted,

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (324) from the one-year period (*i.e.,* 365 days in a year - 324 days = 41 remaining days).

emphasis added). To the extent Petitioner wishes to pursue the actual innocence exception to the federal habeas limitation period, he faces a "demanding standard," which requires the presentation of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Fontenot v. Crow*, 4 F.4th 982, 1030-32 (10th Cir. 2021).

Petitioner will be granted an opportunity to show cause in writing why the Petition is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE